UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAWN HAMLETT,

                Plaintiff,

-against-

CITY OF NEW YORK, *et al.*,

                Defendants.

23-CV-5809 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who currently is incarcerated at the Charlotte Correctional Institution, in Punta Gorda, Florida, brings this action, *pro se*, under 42 U.S.C. § 1983. He asserts claims concerning his security classification during his detention on Rikers Island, from March 1998 to June 2003. He alleges that he expected to receive a settlement check in 2005 in a class action lawsuit challenging security classifications at Rikers' facilities – possibly, *Benjamin v. Horn*, No. 75-CV-3037 (LAP) – but that he never received a settlement check or any information about the class action lawsuit. Plaintiff notes that the class action lawsuit may have been filed in the Eastern District of New York, but he does not identify the case name of any Eastern District lawsuit. It is unclear whether he was a class member of either class action.[1]

      Plaintiff also filed an action asserting claims arising from the alleged use of force on April 23, 2003, when he was detained on Rikers Island. *See Hamlett v. Jacob*, ECF 1:23-CV-5598, 1 (S.D.N.Y.). He claims that this use of force claim was settled in the now-closed class action, *Ingles v. City of New York*, No. 01-CV-8279 (S.D.N.Y. Apr. 4, 2006). He claims, as he does in this action, that he had expected to receive a settlement check in 2005, but he never received any money or information about the *Ingles* settlement.

---

[1] *Benjamin v. Horn* is pending in this court before the Honorable Loretta A. Preska.

On October 16, 2023, the Court directed Plaintiff to show cause, by filing a declaration within 30 days, why the action should not be dismissed as time barred because the doctrine of equitable tolling should toll the limitation period.

On November 21, 2023, the Court received two declarations from Plaintiff. The Court has reviewed both declarations and concludes that Plaintiff does not state facts suggesting that the doctrine of equitable tolling should apply in this case. The Court therefore finds that the action is barred under the statute of limitations and dismisses the action for failure to state a claim, without prejudice to Plaintiff's pursuing the relief he seeks in *Benjamin v. Horn*, or in the class action lawsuit filed in the Eastern District of New York.[2]

## DISCUSSION

Plaintiff initiated this action on June 28, 2023. He asserts claims arising from his security classification during his detention on Rikers Island, from March 1998 to June 2003. He alleges that in 2005, he intended to file an action in this court, but that an attorney, John Boston, advised him that he should not pursue relief on his own but rather become a class member of a related class action, and receive a settlement from that action. Plaintiff also alleges that Boston promised Plaintiff that he would mail him a settlement check, but Plaintiff never received any money. Plaintiff filed this action seeking money damages from the City of New York and correctional staff on Rikers Island, regarding his security classification.

In the Court's order directing Plaintiff to show cause why this action should not be dismissed as time barred, the Court noted that the action can only proceed if Plaintiff can show that the doctrine of equitable tolling applies. The Court explained that the doctrine permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations

---

[2] The Court offers no opinion as to whether Plaintiff is *entitled* to any relief in *Benjamin v. Horn,* or the class action lawsuit Plaintiff claims was filed in the Eastern District of New York.

in order 'to prevent inequity.'" *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). The Court concluded that Plaintiff did not allege facts suggesting that the statute of limitations should be equitably tolled because his reasons for his delay in filing this action did not rise to the level of compelling circumstances. The Court considered Plaintiff's claim that he delayed filing this action because he was unable to identify Boston or the name of the class action case, finding that these two factors did not prevent Plaintiff from filing his *own* lawsuit.

In Plaintiff's declarations, he restates the facts alleged in the complaint and attaches documentation that he had attached to his complaint, indicating that he requested information regarding the two class action lawsuits from the Clerk's Office of this court, Prisoners' Legal Services, and the Eastern District of New York, starting on November 30, 2022. (ECF 18, at 23-26.) The Court finds that the reasons offered by Plaintiff do not include a compelling reason why he did not file his own lawsuit within the three-year limitations period. This action is therefore time barred, and the Court dismisses it for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii). *See Jones v. Bock*, 549 U.S. 199, 215 (2007) (a complaint that "show[s] that relief is barred by the applicable statute of limitations" is "subject to dismissal for failure to state a claim"); *Akassy v. Hardy*, 887 F.3d 91, 95 (2d Cir. 2018) (same). This action is dismissed without prejudice to Plaintiff's pursuing the relief he seeks in *Benjamin v. Horn*, or in the class action lawsuit filed in the Eastern District of New York.

## CONCLUSION

The complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), without prejudice to Plaintiff's pursuing the relief he seeks in *Benjamin v. Horn*, or in the class action lawsuit filed in the Eastern District of New York.

The Court directs the Clerk of Court to terminate all motions pending in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to enter judgment in this case.

SO ORDERED.

Dated:   December 11, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge